FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 2 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFREY COLLE,

    Plaintiff,

-against-

MARC GOLDMAN,

    Defendant.

Case No. 1:05-CV-3981 (JG) (RML)

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, the parties to the above-entitled action held a conference on February 13, 2006. The participants were: Steven M. Hayes and Cristina M. Posa for Plaintiff Jeffrey Colle, and Peter J. W. Sherwin and Andy S. Oh for Defendant Marc Goldman. The participants were unable to agree upon a prompt settlement or other resolution of the case.

## DESCRIPTION OF THE CASE

On August 19, 2005, Plaintiff Jeffrey Colle filed the instant action for Declaratory Judgment, Breach of Contract, Breach of Fiduciary Duty and Breach of the Duty of Good Faith and Fair Dealing. On October 26, 2005, Plaintiff filed an Amended Complaint, adding an alternative claim for *Quantum Meruit*. On November 18, 2005, Defendant Marc Goldman filed a Motion to Dismiss the Amended Complaint. Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss on December 9, 2005, and Defendant filed a Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss on December 19, 2005. The Honorable John Gleeson heard oral argument and denied Defendant's Motion to Dismiss on January 6, 2006. Judge Gleeson also ordered Plaintiff to file and serve a Second Amended Complaint, which Plaintiff did on January 13, 2006. Defendant filed and served his Answer on January 30, 2006.

Plaintiff contends that the parties entered into a joint venture agreement to purchase,

subdivide and sell valuable real estate in Long Island. Defendant denies that there was a joint venture agreement, and asserts that, *inter alia*, recovery is barred by the Statute of Frauds. Additional factual or legal issues may be presented as the case progresses.

The parties do not intend to join any additional parties at this stage in the litigation, but reserve the right to seek leave to do so during the course of the litigation. The parties suggest the deadline for joinder be ~~August 18, 2006~~ July 14, 2006, which is two weeks before the close of the proposed date for completion of factual discovery.

## DISCLOSURES

The parties exchanged their Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on February 21, 2006 and agreed to open discovery as of that date.

## DISCOVERY PLAN

Except as otherwise set forth herein, the parties agree that discovery procedure and limitations placed upon discovery by the Federal Rules of Civil Procedure and this Court's Civil Local Rules should govern. The parties agreed on the following discovery plan:

1. The parties will limit their interrogatories to a maximum of 25 pursuant to Fed. R. Civ. P. 33(a). The parties also will limit their requests for admissions to 25 requests.

2. Plaintiff and Defendant shall each take one party deposition. The parties shall each take a maximum of nine non-party depositions. The time limit for each deposition shall be seven hours. The foregoing is subject to subsequent agreement or application.

3. The parties each presently anticipate retaining up to three non-medical experts. The parties shall complete expert discovery by December 1, 2006 (within 90 days of the close of fact discovery). Plaintiff's expert report(s) shall be due on October 2, 2006; Defendant's expert report(s) shall be due on November 1, 2006; and Plaintiff's reply expert report(s) (if any) shall be due on December 1, 2006.

4. The parties agree to complete fact discovery by ~~September~~ August 1, 2006,

2

approximately six months from the date of the Rule 16 conference with the Court.

## CONSENT TO MAGISTRATE JUDGE FOR TRIAL

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

## ARBITRATION AND MEDIATION

The parties do not consent to the ordering of this case to arbitration at the close of discovery. Plaintiff does not consent to mediation now or at a later date. Defendant believes that mediation would be of use.

## AMENDMENT OF PLEADINGS

The deadline for any amendment of the parties' pleadings is ~~August 18, 2006~~ July 14, 2006 (two weeks before the close of fact discovery).

## DISPOSITIVE MOTIONS

The proposed deadline for dispositive motions, if any, is two months after the close of all discovery (February 1, 2007). If the parties decide to file dispositive motions, they anticipate filing motions for summary judgment.

Dated: New York, New York
February 23, 2006

Respectfully submitted,

MANATT, PHELPS,& PHILLIPS, LLP

By: _____
L. Peter Parcher (LP-8096)
Steven M. Hayes (SH-2926)
Cristina M. Posa (CP-4114)

7 Times Square
New York, NY 10036
(212) 790-4500

Attorneys for Plaintiff JEFFREY COLLE

3

Dated: New York, New York
February 23, 2006

PROSKAUER ROSE LLP

By: *[signature]*
Peter J. W. Sherwin (PS-3639)
Andy S. Oh (AO-5121)

1585 Broadway
New York, NY 10036-8299
(212) 969-3000

Attorneys for Defendant MARC GOLDMAN

Next Case Management Conference: _____
(To be completed by the Court)

DATED: New York, New York        SO ORDERED:

____2/23/06____                  s/Robert Levy
                                 _____
                                 Hon. Robert M. Levy
                                 United States Magistrate Judge

80356531.2

5