FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.
★ JUL 31 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFREY COLLE,

        Plaintiff,

-against-

MARC GOLDMAN,

        Defendant.

Case No. 1:05-CV-3981 (JG) (RML)

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

1. This Protective Order shall apply to the above-entitled action (the "Litigation").

2. The terms and conditions of this Stipulation For Protective Order and Order ("Protective Order" or "Order") shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admission, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

3. The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) trade secret, proprietary or commercially sensitive information; (b) information that should otherwise be subject to confidential treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure; or (c) information which a party must maintain confidential pursuant to agreements with third parties.

4. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    a) the parties;

b) counsel representing a named party in the Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

c) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

d) an expert or consultant who is retained by any attorney described in Paragraphs 4(b) and (c) to assist with the Litigation, provided that such expert or consultant executed a Certification attached hereto as Exhibit A;

e) any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A; and

f) the Court, and any Special Masters and/or Mediators appointed by the Court.

5. All information designated "CONFIDENTIAL" in accordance with the terms of this Order and produced or exchanged in the course of the Litigation shall be used or disclosed solely for the purpose of the Litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by court order or otherwise required by law.

6. Any person or party receiving "CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" information shall promptly give notice by facsimile and/or electronic mail to the producing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction.

7. Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" information of the terms of this Order, as well as the obligation to comply

with those terms. Persons receiving "CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order. The recipient of any "CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" information, that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief. Counsel agrees to maintain a file of all Certifications (Exhibit A) required by this Order.

8. The recipient of any "CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

9. "CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, journal entries, logbooks, electronic media, databases, and any other records and reports.

10. In designating information "CONFIDENTIAL" the producing or testifying party or person, including third parties, will make such designation only as to that information that it in good faith believes is "CONFIDENTIAL". All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the Litigation may be designated "CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL".

11. The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may re-designate all or portions of the transcript "CONFIDENTIAL". The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" information and serve the same on opposing counsel. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" information.

12. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

13. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" information.

14. This Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

15. After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of the Litigation, at the request of the producing party, counsel for the receiving party shall make their best efforts to either return all additional "CONFIDENTIAL" information in his/her possession, custody or control or in the

custody of any authorized agents, experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" information or certify, to the best of their knowledge, destruction thereof to the producing party's counsel.

**IT IS SO AGREED:**

MANATT PHELPS & PHILLIPS, LLP

By: *[signature]*
Cristina M. Posa (CP-4114)

7 Times Square
New York, NY 10036
(212) 790-4500

*Attorneys for Plaintiff JEFFREY COLLE*

PROSKAUER ROSE LLP

By: *[signature]*
Andy S. Oh (AO-5121)

1585 Broadway
New York, NY 10036-8299
(212) 969-3000

*Attorneys for Defendant MARC GOLDMAN*

**AND IT IS SO ORDERED:**

Dated: 7/21/06

s/Robert Levy
**Hon. Robert M. Levy**
**Magistrate Judge**

# CERTIFICATE – EXHIBIT A

I hereby certify that I have read the attached Protective Order in *Jeffrey A. Colle v. Marc Goldman*, Case No. 05-CV-3981 (JG) (RML) in the Eastern District of New York, and I agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the Eastern District of New York has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____          _____

 

                                                   _____
                                                   [Print Name]

                                                 _____
                                                 [Company]

                                                 [Address]